IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Anthony Stephens

                Plaintiff               Case No.

     v.                         Judge

Candi Staton,

      and

Beracah Records, Inc.,

            Defendants

## COMPLAINT

Plaintiff Anthony Stephens ("Plaintiff"), through his attorneys, Davis McGrath LLC, for his

Complaint against defendants Candi Staton ("Staton"), and Beracah Records, Inc. ("Beracah")

(collectively, "Defendants"), alleges, on information and belief, as follows:

### PRELIMINARY STATEMENT

1.  This is an action under the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, and

    the Copyright Act 17 U.S.C. § 203, seeking a declaration that Plaintiff terminated his

    copyright grant to defendant Staton, and that neither she nor her publishing company

    Beracah are entitled to further royalites. The work is a song titled "You Got the Love (I

    Need to See Me Through)."

### JURISDICTION

2.  This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and

    the Copyright Act of the United States, 17 U.S.C. § 101, et seq.

1

3. This court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

4. Personal jurisdiction over defendant Staton is proper in this District because she conducted business relating to the disputed copyright grant in the state of Illinois, and has had continuous contact with the state by maintaining a connection to Plaintiff through licensing and royalty agreements. The Agreement for the terminated copyright grant was executed in Illinois, and is governed by and in accordance with the laws of Illinois.

5. Personal jurisdiction over defendant Beracah is proper in this District because it conducted business relating to the disputed copyright grant in the state of Illinois, and has had continuous contact with the state by maintaining a connection to Plaintiff through licensing and royalty agreements. The Agreement for the terminated copyright grant was executed in Illinois, and is governed by and in accordance with the laws of Illinois.

## VENUE

6. Venue is proper in this district under 28 U.S.C. §1391(b) because defendants Staton and Beracah are subject to personal jurisdiction in this judicial district, have directed business and licensing activities in this district, and a substantial part of the events giving rise to the claim occurred in this judicial district.

## PARTIES

7. Plaintiff Anthony Stephens is an individual residing in Chicago, Illinois. Plaintiff is a songwriter and musician who composes and records musical works and sound recordings. Plaintiff is also involved in the licensing, remixing, and covers of his works.

8. Plaintiff and his partner John Bellamy ("Bellamy") are the co-owners of record label Source Records, Inc.

9. Plaintiff and Bellamy are the co-owners of the BMI publishing company Tri-She *Kieta Productions, Inc.

10. Defendant Candi Staton is an individual residing, upon information and belief, in Atlanta, Georgia. Defendant Staton is a soul and gospel performing artist, singing her own original works as well as providing vocals for others' compositions on sound recordings.

11. Upon information and belief, Defendant Beracah is a Georgia corporation with its principal place of business at PO Box 870567, Stone Mountain, Georgia 30087. Defendant Beracah is a BMI publishing company.

## FACTS

### The Copyrighted Work at Issue

12. Plaintiff composed a song titled "You Got the Love (I Need to See Me Through)" in 1986, and obtained a copyright registration for the sound recording and music on October 14, 1986 (U.S. Copyright Registration No. SR0000081712) (the "Work"). A copy of the copyright record of registration is attached hereto as Exhibit A.

13. The copyright registration of the Work lists Plaintiff and his daughter, Arnecia M. Harris ("Harris"), as the registered copyright claimants.

14. The copyright registration lists Plaintiff as the author for the words, music, arrangement, and recording, while Harris is listed as an author for the words.

15. The Work's registration lists the performer as the Source, featuring Staton.

16. The Source is Plaintiff's band, in which Plaintiff is the lead member.

17. Staton recorded vocals pursuant to an agreement with Plaintiff. Staton did not otherwise contribute to the creation of the Work.

18. On October 8, 1986, Plaintiff granted a license to Source Records, Inc., to license and distribute the Work on his behalf.

### The Copyright Grant

19. On November 23, 1986, Plaintiff, through Source Records and Tri-She *Kieta, entered into an Artist's Agreement (the "Agreement") with Staton. The Agreement is attached hereto as Exhibit B.

20. In exchange for Staton providing the vocals for the sound recording of the Work, Plaintiff granted Staton a fifty percent (50%) interest in the copyright of the Work. *See Agreement, Par. 1*.

### The Copyright Termination

21. The Copyright Act, 17 U.S.C. §203, allows an artist to cancel a copyright grant between 35 and 40 years after the grant was executed, provided a Notice of Termination is served at least 2 years before the Effective Date of the termination.

22. On June 22, 2022, Plaintiff, through his attorneys, served a Notice of Termination on Staton, Beracah, and Staton's attorney Brian Levenson via certified mail. A copy of the Notice, recorded by the Copyright Office, is attached hereto as Exhibit C.

23. The Effective Date of the termination was June 30, 2024.

24. The Notices to Beracah and Levenson were signed for and accepted.

25. The Notice to Staton, delivered at what Plaintiff believed to be her home address as discovered through a TLO search, was returned as undeliverable.

26. Under 17 U.S.C. §203, a terminating party must make a good faith effort to deliver the Notice of Termination, but shall not be prevented from terminating because a grantee cannot be reached or has made themselves unavailable.

4

27. Notices were effectively delivered to Staton's professional and legal representatives, and good faith efforts were made to deliver the Notice to Staton personally.

28. The Notice of Termination was properly delivered, making it valid and enforceable.

29. The Notice of Termination was recorded by the Copyright Office on September 12, 2022.

30. On October 27, 2022, a copy of the recorded Notice was sent via email to Warner Chappell Music, Inc. ("Warner Chappell"), who is the publisher of the work, and is responsible for collecting and distributing royalties to Plaintiff and Defendants.

31. On February 1, 2024, Warner Chappell informed Plaintiff's counsel that Staton disputed the validity of the termination.

32. Neither Staton nor her representatives had previously contacted Plaintiff or Plaintiff's counsel regarding this dispute.

33. On April 9, 2024, Warner Chappell informed Plaintiff's counsel that Warner Chappell would begin withholding royalty payments until Plaintiff and Staton reached an agreement regarding the termination, or a court order was issued.

34. Staton refuses to withdraw her baseless and informal dispute from Warner Chappell, or instruct Warner Chappell to release the wrongfully held royalties.

35. There has been no further communications between Plaintiff and Staton since Warner Chappell began withholding royalties.

36. Staton has never challenged the termination in a court of competent jurisdiction.

### Existence of Actual Controversy

37. There is an actual controversy within the jurisdiction of this District under 28 U.S.C. §§2201 and 2202.

38. Staton's informal dispute of the termination's validity has caused Warner Chappell to withhold royalty payments from Plaintiff.

39. Staton's dispute has also negatively affected Plaintiff's ability to negotiate new licensing deals, covers, and remixes for the Work due to fear of possible interference from Staton.

40. Based on the foregoing, a justiciable controversy exists between Plaintiff, Staton, and Beracah as to whether Plaintiff's termination of the copyright grant is valid.

41. Absent a declaration of validity of the termination, Warner Chappell will continue to withhold royalty payments from Plaintiff, and Staton's allegations challenging the termination shall prevent Plaintiff from obtaining opportunities for the Work.

## CAUSE OF ACTION
### Declaratory Judgment

42. Plaintiff repeats and realleges paragraphs 1 through 41 hereof, as if fully set forth herein.

43. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgement of validity.

44. A judicial declaration is necessary and appropriate so that Warner Chappell will issue all withheld royalties and all future royalties to Plaintiff, as Plaintiff is rightfully owed.

45. Plaintiff is entitled to a declaratory judgment that his termination was valid so that he may enter into other licensing deals involving the Work without third-parties concerned about potential interference from Staton.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests judgment against Staton and Beracah as follows:

I. For a declaration that Candi Staton's copyright interest in the Work was terminated, effective June 30, 2024.

II.    For a declaration that Warner Chappell Music, Inc. may distribute all royalties from June 30, 2024 onward to Plaintiff, without regard to any informal disputes from Staton.

Dated:
Chicago, Illinois

        Respectfully submitted,

        Davis McGrath LLC

        _William T. McGrath_

        William T. McGrath
        Adam William Baldwin
        125 S. Wacker Drive
        Suite 300
        Chicago, IL 60606
        (312) 332-3033
        wmcgrath@davismcgrath.com
        abaldwin@davismcgrath.com

Exhibit A – Copyright Office Catalog Record for SR0000081712
Exhibit B – Artist's Agreement
Exhibit C – Notice of Termination with Certificate of Recordation